■ In the Matter of FREDERICK T. BAHR, JR., Respondent-Appellant, v. ARTHUR LEVITT, as Comptroller of the State of New York, Appellant-Respondent, and JOHN M. BECKMANN, as Police Commissioner of the County of Nassau, et al., Respondents.— Appeal by petitioner and the Comptroller of the State of New York from an order of the Supreme Court, Albany County. The present article 78 proceeding stems from the statutory interrelation between various forms of social legislation under which petitioner is entitled to benefits. On August 20, 1957 petitioner, a Nassau County policeman, sustained injuries while in the performance of his official duties which left him permanently disabled. Pursuant to the Rules and Regulations of the Police Department of the County of Nassau, the County of Nassau paid petitioner his full salary from the date of the injury until May 1, 1958, the effective date of petitioner's disability retirement. On retirement petitioner was due from the State Retirement System the amount of $385.22 of which $327.71 was an accidental disability pension pursuant to section 63 of the Retirement and Social Security Law and $57.71 an annuity based on petitioner's accumulated contributions. Thereafter the Workmen's Compensation Board granted petitioner a schedule award for permanent partial disability for 50% loss of use of his right arm. The schedule award totaled $5,616 based on $36 per week for 156 weeks. The

board also granted petitioner a separate award of $151.20 for 4⅕ weeks of temporary total disability which is not significant here since it was for a period prior to petitioner's retirement. As part of its decision, the board determined that pursuant to section 25 of the Workmen's Compensation Law the county was entitled to be reimbursed from the award the $3,858.62 in salary it had paid petitioner prior to his retirement. No appeal was taken from this determination. Since the county was a self-insurer it merely paid petitioner $1,908.58, the difference between the total award and $3,858.62. Then because section 64 of the Retirement and Social Security Law required a reduction in the amount of any accidental disability pension by the amount of any concurrent workmen's compensation benefits, it became necessary for the Comptroller to compute the amount of the reduction appropriate here. Although petitioner received a schedule award rather than a weekly award, the Comptroller, since the amount of the award was computed on the basis of $36 per week for 156 weeks, reduced the pension by $36 a week from the time the pension started in May, 1958 until September, 1960 and thereafter made payments at the full rate. There appears to be no dispute with the Comptroller apportioning the award over a 156-week period but rather in the amount to be apportioned. Special Term held that petitioner, in effect, received only $1,908.58, the difference between the amount prepaid by the county as salary and the total of the two compensation awards, as compensation benefits and that the Comptroller could only reduce petitioner's pension payments on the basis of that figure. The court below based its determination on the premise that the Comptroller could not consider as "benefits" under the Workmen's Compensation Law for the purposes of section 64 the amount received pursuant to the Police Department Rules and Regulations. We cannot agree. In our opinion it was proper for the Comptroller to reduce the pension payments on the basis of the full award. This is the amount of "compensation benefits" to which petitioner was entitled as determined by the board and thus the amount by which the accidental disability pension must be reduced within the meaning of section 64 of the Retirement and Social Security Law. We cannot deal here with the propriety of the order of the Workmen's Compensation Board requiring full reimbursement to the county. The proper method to review this determination is by the review procedure established in the Workmen's Compensation Law. Furthermore, even if we were to reach the propriety of the board's order of reimbursement and were to find such order improper it would not effect the result here. What occurred concerning reimbursement pursuant to section 25 of the Workmen's Compensation Law has, as we view it, no bearing on the calculations of the Comptroller pursuant to section 64 of the Retirement and Social Security Law. Order modified to reverse so much thereof as altered the Comptroller's basis for computing the pension deductions and petition dismissed, without costs. Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.